# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VICTORIA PUPO

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Doyle- Law Offices of Eric A. Shore
1500 JFk Blvd, Suite 1240
Philadelphia, PA 19102

## DEFENDANTS
KHGR PHILLY MONACO, LLC.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)
Brief description of cause:
Race Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/23/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2630 Welsh Road, Apt 5 Philadelphia PA 19152

Address of Defendant: 433 Chestnut Street, Philadelphia PA 19106

Place of Accident, Incident or Transaction: 433 Chestnut Street, Philadelphia PA 19106

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/23/2021     _____signature_____     319475 (PA)
              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Brian M. Doyle, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 9/23/2021     _____signature_____     319475 (PA)
              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| VICTORIA PUPO  v.  KHGR PHILLY MONACO, LLC | : : : : : : | CIVIL ACTION  NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                ( X )

| 9/23/2021 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-944-6113 | 215-944-6124 | BrianD@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA PUPO<br>2630 Welsh Road, Apt. 5<br>Philadelphia, PA 19152<br><br>    Plaintiff,<br><br>v.<br><br>KHGR PHILLY MONACO LLC.<br>433 Chestnut Street<br>Philadelphia, PA 19106<br><br>    Defendant. | JURY DEMANDED<br><br><br>No. |

CIVIL ACTION COMPLAINT

And now Plaintiff, VICTORIA PUPO, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000d, *et seq.*; Section 1981 of the Civil Rights Act of 1866 ("Section 1981"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the City of Philadelphia's Fair Practices Ordinance, Philadelphia Code §9-1100, *et seq.* ("PFPO") have been violated and avers as follows:

PARTIES

A. The Plaintiff

1. Plaintiff, Victoria Pupo ("Pupo" or "Plaintiff") is an adult individual residing in Philadelphia County at 2630 Welsh Road, Apt. 5; Philadelphia, PA 19152.

B. The Defendant

1

2.      Defendant, KHRG Philly Monaco LLC. ("Defendant") is a limited liability company which owns and operates the Hotel Monaco in Philadelphia County at 433 Chestnut Street, Philadelphia, PA 19106.

3.      At all times, Defendant employed more than 15 individuals and met the statutory definition of an "employer" as defined by Title VII, the PHRA, and the PFPO.

## JURISDICTION AND VENUE

4       This Complaint alleges discrimination on the basis of Pupo's race, color, and national origin, in violation of Title VII, Section 1981, the PHRA, and the PFPO.

5.      Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

8.      On or about March 16, 2021, Pupo filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2021-02697 and which was dual-filed with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations, alleging discrimination and wrongful discharge from her employment due to the actions of Defendant.

9.      Pupo has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated August 6, 2021 (attached hereto as Exhibit "A").

10. Pupo has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## OPERATIVE FACTS

11. Defendant hired Pupo on August 23, 2012 as a Room Attendant. In this capacity, Pupo was responsible for cleaning rooms at the Hotel Monaco.

12. Pupo is also a black-woman, who was born in Liberia. While Pupo speaks English fluently, she speaks with a noticeable Liberian accent.

13. Pupo performed her job in a satisfactory manner.

14. Nevertheless, Pupo and her African-born colleagues were frequently the target of discriminatory behavior from Area Director of People and Culture, Dwain Carter ("Carter"). Carter is American-born and African-American.

15. At 9:00 am on October 10, 2020 Pupo was assigned to clean Room 810.

16. When Pupo arrived at Room 810, she noticed that the bed had been sat on and that the bathroom had been used – with two used bath towels on the floor, a wet bathmat, a wet shower, and a recently used, but unflushed toilet. Pupo spent approximately thirty minutes cleaning the room, which included Pupo performing tasks such as cleaning the restroom and changing the sheets on the bed.

17. On or about October 14, 2020, Director of Housekeeping Nico Barbieri, informed Pupo that she was being suspended because she should have only changed the top sheet of the bed in Room 808 and should not have cleaned the entire room. Barbieri informed Pupo that she was being suspended pending the outcome of an investigation.


18. The following day Pupo spoke with Barbieri over the telephone. During these phone calls, Barbieri told Pupo words to the effect of "I don't know what happened by you and [Carter] but [Carter] does not want you to come back" and "I think [Carter] has something against you."

19. Shortly afterwards, Pupo received a phone call from Carter. During this phone call, Carter told Pupo that she was not competent to do the job and words to the effect of "the place you're from you don't know your job", "you don't know how to do your work on time", that people from Africa are "illiterate", and that Pupo should speak English rather than "African." Carter further told Pupo that she was terminated.

## COUNT I
## TITLE VII - RACE DISCRIMINATION
## 42 U.S.C.A. § 2000e-2(a)

20. Pupo incorporates the above paragraphs as if fully set forth at length herein.

21. Pupo's status as being African-born places her in the protected class of race.

22. Pupo's membership in a protected class was motivating factors in Defendant's decision to terminate her employment.

23. Pupo suffered disparate treatment by Defendant, as set forth above.

24. As such, Defendant's decision to subject Pupo to adverse employment action employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

25. As a proximate result of Defendant's conduct, Pupo sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Pupo has

also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

26. As a result of the conduct of Defendant's management, Pupo demands punitive damages.

27. Pupo demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq*.

## COUNT II
## TITLE VII - NATIONAL ORIGIN DISCRIMINATION
## 42 U.S.C.A. § 2000e-2(a)

28. Pupo incorporates the above paragraphs as if fully set forth at length herein.

29. Pupo's status as being Liberian-born her in the protected class of national origin.

30. Pupo's membership in a protected class was a motivating factor in Defendant's decision to terminate her employment.

31. Pupo suffered disparate treatment by Defendant, as set forth above.

32. As such, Defendant's decision to subject Pupo to adverse employment actions is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

33. As a proximate result of Defendant's conduct, Pupo sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Pupo has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

34. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

35. Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*

## COUNT III
## TITLE VII - HARASSMENT
## 42 U.S.C.A. § 2000e-2(a)

36. Pupo incorporates all foregoing allegations as if they are stated in this Count in full.

37. Pupo had to endure pervasive and regular harassment from her supervisors.

38. This harassment by Pupo's managers and co-workers detrimentally affected Pupo.

39. This harassment was motivated by Pupo's race and national origin, ethnicity.

40. The harassment by Pupo's supervisor would detrimentally affect a reasonable person for all of the reason stated herein, as the harassment and its results would cause decreased wages, pain, lost wages, and embarrassment and humiliation to a reasonable person.

41. The harassment of Pupo by Defendant's management was willful and intentional.

42. This willful, intentional, and unlawful harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*.

43. As a proximate result of Defendant's conduct, Pupo sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Pupo also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

## COUNT IV
## SECTION 1981 - DISCRIMINATION
## 42 U.S.C. § 1981

44. Pupo incorporates the above paragraphs as if fully set forth at length herein.

45. Defendant took adverse action against Pupo by unfairly and unequally curtailing her compensation on account of her race as well as creating a hostile work environment in an attempt to drive her from employment with Defendant.

46. Pupo's status as being Liberian places her in the protected class of race.

47. Pupo's membership in a protected class was a motivating factor in Defendant's decision to subject Pupo to adverse employment actions.

48. Pupo suffered disparate treatment by Defendant, as set forth above.

49. Defendant subjected Pupo to intentional discrimination based on her race, ancestry, and ethnic characteristics. Specifically, Defendant's intentional discrimination was based on the fact that Pupo was born in Liberia.

50. Defendant's decision to harass Pupo and to subject her to adverse employment actions is an unlawful employment practice under 42 U.S.C. § 1981.

51. As a proximate result of Defendant's conduct, Pupo sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Pupo also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

**COUNT V**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951**

52. Pupo incorporates all the preceding paragraphs as if they were set forth at length herein.

53. Based on the foregoing, Pupo alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting her to discrimination on the basis of her race, color and national origin.

54. Defendant's conduct caused Pupo to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Pupo has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Pupo demands attorneys' fees and court costs.

## COUNT I
## PHILADELPHIA FAIR PRACTICES ORDINANCE
### Philadelphia Code §9-1100

56. Pupo incorporates all the preceding paragraphs as if they were set forth at length herein.

57. Based on the foregoing, Pupo alleges that Defendant violated the Philadelphia Fair Practices Ordinance ("PFPO") by subjecting her to discrimination on the basis of her race, color and national origin.

58. Defendant's conduct caused Pupo to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental

anguish, humiliation, pain and suffering, consequential damages and Pupo has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

59. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Pupo demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Victoria Pupo, demands judgment in her favor and against Defendant, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Attorneys' fees and costs of suit;

C. Punitive damages;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/ Brian M. Doyle (PA Id. 319475)
**BRIAN M. DOYLE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff, Victoria Pupo

Date: 9/23/2021

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S § 4904, relating to unsworn falsification to authorities.

09/23/2021
_____
Date

Electronically Signed   2021-09-23 14:46:56 UTC - 69.253.52.186
AssureSign®   86483afc-230a-4e94-b651-adac00ef82fe

Victoria Pupo